IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| PHILLIP HYLANDER, | |
| Petitioner, | CIVIL ACTION NO.: 2:22-cv-44 |
| v. | |
| WARDEN, FCI JESUP, | |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Phillip Hylander ("Hylander"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Hylander filed a Response.  Docs. 10, 15.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY in part** and **DISMISS without prejudice in part** Hylander's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hylander *in forma pauperis* status on appeal.  I **GRANT** Hylander's Motions for Expedited Decision and to Rule on Respondent's Motion to Dismiss, to the extent this Report is being issued.  Docs. 16, 18.  In addition, I **GRANT** Hylander's Motion to Introduce Supplemental Evidence, doc. 17, and have considered this submission in issuing this Report and Recommendation.

## BACKGROUND

Hylander was convicted in the District Court for the Southern District of Florida of receipt of material involving the sexual exploitation of minors, in violation of 18 U.S.C.

§ 2252(a)(2), and was sentenced to 63 months' imprisonment.  Doc. 10-1 at 6.  He has a projected release of April 4, 2023, via good conduct time release.  Id.

In his Petition, Hylander contends prison officials failed to properly diagnose and treat his chronic kidney disease, resulting in permanent damage to his kidneys and perhaps death, and other medical conditions.  In addition, Hylander contends the Bureau of Prisons ("BOP") refuses to provide him with release to a halfway house (community corrections center) or on home confinement.  Doc. 1 at 2, 7, 14–42.  Hylander seeks his immediate release.  Id. at 8.  Respondent generally asserts the Court should dismiss Hylander's Petition based on the absence of subject matter jurisdiction over his claims.  Doc. 10 at 2.

## DISCUSSION

I.     **Whether Hylander Can Proceed Under § 2241 on His Medical Conditions Claim**

Hylander contends staff failed to properly diagnose or treat his chronic kidney disease and other ailments.  Doc. 1 at 2, 6–7, 14–42.  Respondent asserts Hylander's deliberate indifference to serious medical needs claims are not cognizable under § 2241.  Doc. 10 at 3–4.

Although Hylander brought this action under § 2241, his deliberate indifference to serious medical needs claims cannot be brought under that statute.  Rather, Hylander's claims should ordinarily have been brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well-settled.  Claims in which prisoners challenge the circumstances of their confinement are civil rights actions, not habeas corpus actions.  See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013).  Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed

2

on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Hylander cannot bring the deliberate indifference claims he asserts via a habeas petition. He contests the conditions of his confinement, and such claims are not cognizable under § 2241. Hylander requests what he deems to be satisfactory medical treatment for his various medical conditions, including chronic kidney disease. Doc. 1. Hylander's requested relief does not fall within the purview of § 2241. Moreover, Hylander does not assert any challenge to his sentence, conviction, or duration of confinement within the scope of his deliberate indifference claims. Accordingly, I **RECOMMEND** the Court **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS without prejudice** this portion of Hylander's 28 U.S.C. § 2241 Petition.

## II.     Whether Hylander Can Challenge His Non-Placement in a Halfway House

Hylander contends he was denied placement in a halfway house or on home confinement due to his geographical release address on fictitious grounds. Doc. 1 at 7. Hylander states staff will not submit him for his statutorily mandated placement because Florida will not allow his placement. Id. Hylander specifically cites 18 U.S.C. §§ 3624(c) and 3621 and Program Statement 7310.04 in support of his claim. Id. at 43, 44, 46, 48–56. In addition, Hylander contends the BOP is to make individualized determinations regarding an inmate's placement in a halfway house or on home confinement, but the BOP categorically denies sex offenders this consideration, in violation of § 3621. Id. at 56–59.

Respondent states the BOP has authority to place an inmate in a community corrections center or halfway house under §§ 3624(c) and 3621, both of which are part of Subchapter C of Title 18. Doc. 10 at 6. As such, a court lacks jurisdiction to review this decision. Even if this Court could review this decision and grant relief, Respondent asserts Hylander would not be released from custody, as all that would change is his location and circumstances of custody. Id.

Under the Administrative Procedure Act ("APA"), a petitioner may use habeas corpus to challenge a BOP action. See 5 U.S.C. § 703. However, in 18 U.S.C. § 3625, Congress specified the provisions of the APA governing judicial review, §§ 701–06, were inapplicable to "the making of any determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626. The Eleventh Circuit Court of Appeals has further indicated this lack of jurisdiction applies even in a § 2241 habeas action, unless the petitioner is challenging the underlying rules and regulations which establish the criteria governing the BOP's decision-making process. Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000); see also Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge BOP's discretionary determinations made pursuant to [Title 18, Chapter 229, Subchapter C] would be inconsistent with the language of 18 U.S.C. § 3625."); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). Thus, where Congress precludes judicial review of an agency decision by statute, judicial review of that decision is limited to whether the agency acted outside its statutory limits or violated the Constitution. See Webster v. Doe, 486 U.S. 592, 597, 603 (1988); Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011); Paradis v. Keller, 2011 WL 2790480, *4 n.3 (N.D. Ga. June 13, 2011); Klatch v. Rathman, No. 1:13-CV-01452, 2014 WL

4

537021, at *11 (N.D. Ala. Feb. 10, 2014); see also Rodriguez v. Johns, Civil Action No. 5:17-cv-134, 2018 WL 4102854, at *2–3 (S.D. Ga. July 26, 2018), *adopted by* 2018 WL 4100695 (S.D. Ga. Aug. 28, 2018).

The BOP's determination regarding Hylander's placement in a halfway house or on home confinement falls under § 3625. The BOP's determination on this matter is an adjudicative, discretionary determination and not a rulemaking one. "And that decision is not subject to judicial review." Cook, 208 F.3d at 1319. Even construing his claims liberally, Hylander does not argue the BOP acted outside of its statutory authority or violated the Constitution.[1] Consequently, § 3625 entirely precludes this Court's review of the BOP's challenged determination of Hylander's non-placement in a halfway house or on home confinement. Additionally, where a challenge concerns a BOP Program Statement, courts give the BOP "some deference" when determining whether the Program Statement is a reasonable implementation of the BOP's relevant statutory authority.[2] Cook, 208 F.3d at 1319–20; Santiago-Lebron, 767 F. Supp. 2d at 1352–53; Barr v. United States, No. 4:16cv108, 2016 WL 6841691, at *4 (N.D. Fla. Oct. 28, 2016), *report and recommendation adopted by* 2016 WL 6832635 (N.D. Fla. Nov.

---

[1] To the extent Hylander states the BOP violated his right to equal protection, doc. 1 at 60–61, any such claim fails. He has not shown he is similarly situated with other sex offenders and, even if he were, any alleged disparate treatment is based on his membership in a suspect class. Ellison v. Ala. Bd. of Pardons & Paroles, No. 17-13235-D, 2017 WL 6947946, at *6 (11th Cir. Dec. 13, 2017) (citing Doe v. Moore, 410 F.3d 1337, 1346 (11th Cir. 2005), for the general proposition sex offenders are not considered a "suspect class.")).

[2] In his Response to the Motion to Dismiss, Hylander states United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954), provides "the gateway needed to establish jurisdiction over" his halfway house or home confinement claims. Doc. 15 at 1. The Accardi doctrine, "'stands for the unremarkable proposition that an agency must abide by its own regulations.'" Walker v. Att'y Gen., 848 F. App'x 404, 404 n.1 (11th Cir. 2021) (quoting Chevron Oil Co. v. Andrus, 588 F.2d 1383, 1386 (5th Cir. 1979)). Even accepting Accardi provides a jurisdictional basis for Hylander's claims, this does not mean this case provides him with the relief he seeks. See *infra* § III.

18, 2016). Thus, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** this portion of Hylander's Petition.

### III. Whether Hylander Can Challenge BOP Policy Violations Under § 2241

As noted above, Hylander maintains he was denied placement in a halfway house or in home confinement, in violation of Program Statement 7310.04, and he was denied access to his central file and other documentation he requested, in violation of Program Statement 5800.17. Doc. 1 at 44–47. Respondent notes challenges to Program Statements are not cognizable under § 2241. Doc. 10 at 8.

Under this challenge, the most Hylander shows is perhaps staff violated BOP policy, but an allegation of violations of policy does not set forth a sustainable claim under § 2241. Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (stating the circumvention of departmental regulations or policies does not assert a violation of an inmate's constitutional rights (citing Sandin v. Conner, 515 U.S. 472 (1995), and Harris v. Birmingham Bd. of Educ., 817 F.2d 1525 (11th Cir. 1987))); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (finding Program Statements are "BOP policies, guidelines or interpretive rules, not substantive law[,]" and violations of these Program Statements are not violations of federal law that can be sustained in a habeas petition); see also Wallace v. Fed. Det. Ctr., 528 F. App'x 160, 162–63 (3d Cir. 2013) (noting, even if a Regulation was violated when petitioner received a copy of the charges two months after the incident, there was no due process violation and the delay did not prejudice petitioner); Cruz v. Johns, Civil Action No.: 5:19-cv-86, 2020 WL 5649333, at *5 (S.D. Ga. Aug. 20, 2020) ("'An allegation of non-compliance with a prison regulation . . . is not . . . sufficient to give rise to a claim upon which relief may be granted[]'" under § 2241.) (quoting Merilien v. Granison, CV318-56, 2019

WL 2499186, at *5 (S.D. Ga. Feb. 13, 2019)); Abbadessa v. Haynes, Civil Action No. CV211-084, 2011 WL 6004330, at *3 (S.D. Ga. July 15, 2011) (concluding, even if petitioner could show non-receipt of incident report within 24 hours, "this would show only a failure to comply with the ideal set forth in a BOP policy.  It would not demonstrate a violation of a constitutional right."); see also Burgess v. Taylor, 647 F. App'x 952, 953 (11th Cir. 2016) (upholding district court's finding of no clear error in finding petitioner received all due process protections when he received written notice of charges at least 24 hours before DHO hearing).

Because Hylander claims the BOP violated Program Statements, he does not state a claim for relief under § 2241.  Thus, I **RECOMMEND** the Court **GRANT** this portion of Respondent's Motion to Dismiss and **DENY** this portion of Hylander's § 2241 Petition.

IV.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Hylander leave to appeal *in forma pauperis*.  Though Hylander has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in*

7

*forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hylander's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Hylander *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY in part** and **DISMISS without prejudice in part** Hylander's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hylander leave to appeal *in forma pauperis*. I **GRANT** Hylander's Motions for Expedited Decision and to Rule on Respondent's Motion to Dismiss, to the extent this Report is being issued. Docs. 16, 18. In addition, I **GRANT** Hylander's Motion to Introduce Supplemental Evidence, doc. 17, and have considered this submission in issuing this Report and Recommendation.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of January, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA